IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

**ORLANDO FEDERAL CREDIT UNION,**

    Plaintiff,

v.

**DAVID ST. HILAIRE AND REGINE T. ST. HILAIRE aka REGINE ST. HILAIRE, husband and wife, et al,**

    Defendants.
_____/

CASE NO.:   2010-CA-023006-O
DIVISION:   37

## MOTION TO RE-SET THE FORECLOSURE SALE

COMES NOW the Plaintiffs, ORLANDO FEDERAL CREDIT UNION, by and through its undersigned counsel, and hereby moves this Court to reset the Foreclosure Sale for

> Lot 64, LAKE DOE COVE PHASE THREE, according to the map or plat thereof as recorded in Plat Book 55, Page 133, Public Records of Orange County, Florida.

as to Defendants, DAVID ST. HILAIRE and REGINE T. ST. HILAIRE aka REGINE ST. HILAIRE, husband and wife, and LAKE DOE COVE PHASE 3 & 4 HOMEOWNERS ASSOCIATION, INC., in this matter and as ground thereof would show the Court as follows:

1.   A Final Judgment which was entered in this cause on August 17, 2011, and subsequently a Sale date was scheduled for November 17, 2011.

2.   On November 17, 2011, the day the sale was scheduled, Defendant, REGINE T. ST. HILAIRE aka REGINE ST. HILAIRE, filed a Chapter 7 Bankruptcy action in the Middle District of Florida, Chapter 7 Case No.:  6:11-bk-17307-ABB , and on December 7, 2011 the Bankruptcy Court entered an Order Dismissing the Case and lifting the automatic stay for failing to comply the Court's Orders.  A copy of the Order Dismissing the Case is attached hereto as Exhibit "A".

3.   The Court rescheduled the foreclosure sale for January 24, 2012.

4.   On January 23, 2012, the day before the sale was scheduled, Defendant, REGINE T. ST. HILAIRE aka REGINE ST. HILAIRE, filed a Chapter 7 Bankruptcy action in the Middle District of

1

Florida, Chapter 7 Case No.:  6:12-bk-00840-ABB , and on February 15, 2012, the Bankruptcy Court entered an Order Dismissing the Case and lifting the automatic stay for failing to comply the Court's Orders.  A copy of the Order Dismissing the Case is attached hereto as Exhibit "B".

5. Since Defendant REGINE T. ST. HILAIRE aka REGINE ST. HILAIRE has filed two separate bankruptcy filings within a one (1) year period, no further bankruptcy filings will result in an automatic stay of this case.  Additionally, Plaintiff has retained an Order obtaining relief from stay from Defendant DAVID ST. HILAIRE in his Chapter 7 bankruptcy, a copy of which is attached hereto as Exhibit "C."

6. Accordingly, Plaintiff seeks entry of an order rescheduling the sale, with an order directing the clerk not to cancel any future sales based on or bankruptcy filings by the Defendants.

WHEREFORE, Plaintiff respectively requests this court for entry of its Order granting this Motion, and to direct the Clerk to reset the Foreclosure Sale as to Defendants, DAVID ST. HILAIRE and REGINE T. ST. HILAIRE aka REGINE ST. HILAIRE, husband and wife, and LAKE DOE COVE PHASE 3 & 4 HOMEOWNERS ASSOCIATION, INC and directing the clerk not to cancel future sales based on future bankruptcy filings.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that February 22, 2012, I electronically filed the foregoing with the Clerk and sent a true and correct copy of the filing by first-class mail to the following:

Alexis Rabbani, Esq.
Attorneys for Mr. & Mrs. St. Hilaire
1920 Hallandale Beach Blvd. Suite 806 A
Hallandale Beach, FL 33009

Bella Homes, LLC
One Glenlake Parkway Suite 700
Atlanta, GA   30328

Lake Doe Cove Phase 3 & 4 HOA, Inc.
c/o M. Florence King, Esquire
Larsen & Associates, P.A.
300 South Orange Avenue, Suite 1200
Orlando, FL  32801

S/TARA C. EARLY
Tara C. Early, Esquire
Florida Bar No. 0173355
STANTON & GASDICK, P.A.
390 N. Orange Avenue, #210
Orlando, Florida 32801
Ph. (407) 423-5203; Fax 425-4105
Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                                  Chapter:    7
                                                                        Case No.:   6:10-bk-11310-ABB

David St. Hilaire,

       Debtor(s).
_____/

**ORDER GRANTING ORLANDO FEDERAL CREDIT UNION'S RELIEF FROM STAY**

      This case came on for consideration on the Motion for Relief from Stay filed by **ORLANDO FEDERAL CREDIT UNION** (Docket No. 12).  No appropriate response having been filed in accordance with Local Rule 2002-4, it is ORDERED:

    1.    The automatic stay arising by reason of 11 U.S.C. Section 362 of the Bankruptcy Code is terminated as to Movant's interest in the following property:

> **Lot 64, LAKE DOE COVE PHASE THREE, according to the map or plat thereof as recorded in Plat Book 55, Page 133, Public Records of Orange County, Florida**
>
> **Address:  249 Winding Cove Ave., Apopka, FL   32703**

    2.    The Order Granting Relief from Stay is entered for the sole purpose of allowing movant to obtain an <u>in rem</u> judgment against the property, and that Movant shall not obtain an <u>in personam</u> relief against the debtor.

      DONE AND ORDERED in Orlando, Florida on August 31, 2010.

_____
**ARTHUR B. BRISKMAN**
United States Bankruptcy Judge

**Copies furnished to:**

Debtor:  David St. Hilaire, 249 Winding Cove Ave., Apopka, FL   32703
Debtor Attorney:  Walter F. Benenati, Esq., 105 E. Robinson Street, Ste 302, Orlando, FL   32801
Movant Attorney:  Tara C. Early, Esq., 390 N. Orange Ave, Ste 260, Orlando, FL   32801
Trustee:  George E. Mills, Jr., Trustee, P.O. Box 995, Gotha, FL   34734-0995

**[6ord19]** [ORDER DISMISSING CASE]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                 Case No. 6:11−bk−17307−ABB
                                                                       Chapter 7

Regine St Hilaire
249 Winding Cove Ave
Apopka, FL 32703

_____Debtor(s)_____/

ORDER DISMISSING CASE

  On November 17, 2011 , the Court issued a notice (Document No. 5 ) directing the debtor to file by November 30, 2011 , the following required document(s) necessary for the administration of the case:

  Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, Schedules, Statement of Affairs and Statement of Intentions and Statement of Income and Means Test Calculation

  It was further provided that the Court may dismiss this case without further notice or hearing if the debtor failed to comply within the time specified.

  Despite the fact that more than 14 days have passed since the date of filing of the petition, the debtor has failed to comply with the order. No Discharge of debts was entered in this case. Accordingly, it is

  ORDERED:

  1. This case is dismissed.

  2. The Automatic Stay imposed by 11 U.S.C. §362 is lifted and the filing of this case no longer acts as a stay against collections and other actions against the debtor and the debtor's property.

3. Any scheduled hearing is herewith canceled.

DONE AND ORDERED on December 7, 2011

_____
Arthur B. Briskman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:12-bk-00840-ABB

In re:

REGINE T. ST. HILAIRE,

    Debtor.
_____/

ORDER DISMISSING CASE

THIS CASE came on for consideration upon the Order Establishing Duties of Trustee and Debtor, and Confirmation Procedures, Ordering Debtor's Compliance, Allowing Administrative Expenses, and Ordering Adequate Protection Payments. Summary of Schedules, Statistical Summary, Schedules A – J, Statement of Financial Affairs, Statement of Income and Chapter 13 Plan not filed (Document No. 5). The Court, being fully informed in the premises, finds that as the Debtor failed to file all documents as required under the Bankruptcy Code on or before February 6, 2012, that this case should be dismissed. Accordingly, it is hereby:

ORDERED AND ADJUDGED AS FOLLOWS:

1. This case is dismissed.

2. The automatic stay imposed by 11 U.S.C. Section 362 is terminated.

3. Pursuant to the provisions of 11 U.S.C. Sections 105(a) and 109(g), the debtor is not enjoined from filing for relief under Title 11 of the United States Code.

4. Of the Debtor's $0.00 balance in the Trustee's trust account, administrative expenses shall be disbursed as follows: $0.00 to secured creditors provided for in the debtor's current plan, $0.00 attorney fees provided for in the debtor's current

plan, and $0.00 to the Trustee. The balance of $0.00 shall be turned over to the Debtor.

DONE AND ORDERED this 15th day of February, 2012.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge

Copies to:
All Creditors and Interested Parties